IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE PEYTON, ) | CV F 05-1269 REC WMW HC |
| Petitioner, ) | |
| ) | FINDINGS AND |
| ) | RECOMMENDATIONS FOR |
| v. ) | DISMISSAL OF PETITION |
| ) | WITHOUT PREJUDICE |
| ) | |
| WARDEN DARREL ADAMS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus.  The court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing  2254 Cases; <u>see, also,</u> <u>Hendricks v.</u>

Vasquez, 908 F.2d 490 (9th Cir. 1990).

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) *citing*, Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Petitioner's allegations, however, do not make such attacks. Rather, Petitioner challenges the decision to classify him as a gang member and also alleges that prison officials refused to allow him to exhaust his administrative remedies. Petitioner's claims therefore challenge the conditions of his confinement, not the fact or duration of that confinement. Thus, his claims are not appropriate for habeas corpus relief. Challenges to the conditions of confinement are more appropriately raised in civil rights action filed pursuant to 42 U.S.C. § 1983. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Crawford v. Bell, 599 F.2d at 891-92 (9th Cir. 1979).

Based on the foregoing, IT IS HEREBY RECOMMENDED that this petition be DISMISSED without prejudice to Petitioner's right to file an appropriate civil rights action.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's

ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    November 1, 2005**              /s/  William M. Wunderlich
mmkd34                                                            UNITED STATES MAGISTRATE JUDGE

3