**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LEE PEYTON,** | **CV F 05-1269 AWI WMW HC** |
|       Petitioner, | **ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY AND CONSTRUING REQUEST AS A NOTICE OF APPEAL** |
|       v. | |
| **WARDEN DARREL ADAMS,** | |
|       Respondent. | **[Doc. 13]** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 13, 2006, this case was dismissed and judgment was entered for Respondent. On May 19, 2006, the court received a letter from Petitioner, explaining that he had mistakenly mailed his request for a certificate of appealability to the Central District on March 27, 2006.

Under the duty to construe pro se pleadings liberally, the court will construe Petitioner's request for a certificate of appealability as also including a notice of appeal.

The controlling statute, 28 U.S.C. § 2253, provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for

the circuit in which the proceeding is held.
(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).   If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000).   In the present case, the court finds that Petitioner has failed to carry his burden of making a substantial showing of the denial of a constitutional right.    Reasonable jurists would not disagree with the court's conclusions that Petitioner's dispute with his classification cannot be raised in a habeas corpus petition.    Accordingly, Petitioner's request for a certificate of appealability is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:     September 19, 2006**                               **/s/ Anthony W. Ishii**
0m8i78                                             UNITED STATES DISTRICT JUDGE

2